UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN R. SANFORD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 07-1792 (RCL) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S CONSOLIDATED
REPLY IN SUPPORT OF MOTION TO DISMISS AND
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant respectfully submits this combined memorandum as a reply in support of its motion to dismiss and as an opposition to Plaintiff's motion for summary judgment.

**I**

**THE MILITARY COURTS FULLY AND FAIRLY CONSIDERED
PLAINTIFF'S DUE PROCESS ARGUMENT.**

The gravamen of Plaintiff's challenge is that the military courts did not provide full and fair consideration of his due process claim because they did not hear oral argument and they disposed of the substance of his claim in a footnote and a summary denial.

**Oral Argument**. As Plaintiff correctly points out in his motion, he was adequately represented on appeal by his statutorily appointed appellate defense counsel. (Plaintiff's Statement of Points and Authorities at 7 n.5.) ("Plf. Mem."). His counsel presented to the military courts the same arguments now advanced in this Court, and with the same quality of reasoning and thoroughness of presentation. (Id. at Ex. K.). This record demonstrates quite

literally that Plaintiff had every opportunity to make his due process argument to the military courts: he did just that, and offers here no evidence of any argument he would like to have raised but could not. The fact that Plaintiff was not given the opportunity to argue his position at an oral argument does not take away from this point. Whether the military court will hear oral arguments is a matter of its discretion, reserved for those cases in which the military courts deem that oral argument would assist the court. N.M. Ct. Crim. App. Rule 4-7.2; Fed. R. App. P. 34(a). This is completely analogous to the motions now presented to this Court--oral argument on the instant motions is completely within the Court's discretion and there is no entitlement to it. The denial of oral argument is a meritless claim.

**NMCCA's Footnote and CAAF's Summary Denial**. Plaintiff points to the fact that the NMCCA resolved his due process claim in a footnote and the Court of Appeals for the Armed Forces (CAAF) summarily denied his petition as proof of his argument. (Plf. Mem. at 7.) This argument appears to ignore the underlying appeal process which resulted in the courts' decisions. See 10 U.S.C. § § 866, 867. First, as noted above, Plaintiff ignores the fact that the military courts received, through briefs from his counsel, a full explanation of Plaintiff's due process argument. Second, Plaintiff disregards the fact that the NMCCA was statutorily bound to review his entire record of trial for legal and factual errors. 10 U.S.C. §866(c). There is no evidence that the NMCCA ignored any material part of the trial record.

Furthermore, Plaintiff's argument reduces to the proposition that there can never be a showing of full and fair consideration in all cases where a court summarily disposes of an issue. This cannot be correct for even the Supreme Court summarily disposes of numerous petitions for writs of *certiorari*, much in the same manner that the CAAF did to Plaintiff's petition for review.

This cannot be considered evidence that the Supreme Court did not give full and fair consideration to those petitions.

Furthermore, the military court's decision to use a summary decision to dispose of Plaintiff's due process argument is surely more of a reflection of the court's conclusion that Plaintiff's arguments lacked merit.  By way of analogy, in the context of law of the case, where a party argues that a summary disposition could not have reached a particular argument, the typical conclusion is that the argument did not merit explicit discussion: "The decision of an issue need not be express to establish the law of the case.  Implicit decision suffices, and a terse decision is even more clearly the law of the case because it does not require a determination of whether the actual decision can be inferred."  Charles Alan Wright, *et al.*, Federal Practice and Procedure § 4478 at 657-60 (2d ed. 2002).  Nothing Plaintiff cites suggests any sort of minimum treatment a court must give an argument in justifying its reasoning.

Plaintiff cites to differences in his case–he was tried by four members as opposed to five, Congress increased the maximum sentence awarded at a special court-martial–but ultimately his core argument is that Ballew v. Georgia, 435 U.S. 223 (1978), applies to courts-martial.  This core argument has been historically rejected by the military courts as well as other jurisdictions.  See, e.g., United States v. Wolf, 5 M.J. 923 (N.M.C.R. 1978); United States v. Corl, 6 M.J. 914 (N.M.C.R. 1979); Medrano v. Smith, 797 F.2d 1538 (10th Cir. 1986) (holding that because Ballew was based on the Sixth Amendment right to a jury trial, it does not apply to the military).  Congress's subsequent increase in punishment for a special court-martial does nothing to change the underlying rationale of these decisions.  More importantly, Congress's decision not to amend the Uniform Code of Military Justice to increase the panel size at a special court-martial confirms

this line of reasoning.  Ultimately, Plaintiff's failure to raise anything novel in his argument is more the cause for its summary disposal than a lack of full and fair consideration by the court.

Plaintiff points to <u>United States ex rel. New v. Rumsfeld</u>, 448 F.3d 403, 406 (D.C. Cir. 2006) ("<u>New II</u>"), as support.  However, Plaintiff has no response to Defendant's argument that, unlike the serviceman in <u>New II</u>, <u>Burns</u>, or <u>Councilman</u>, he is not bringing a *habeas corpus* petition or the functional equivalent thereof.  Plaintiff misstates Defendant's argument by responding that he need not be held in custody to be able to proceed.  Plf. Mem. at 4 (citing <u>Kaufman v. Secr'y of Air Force</u>, 415 F.2d 991 (D.C. Cir. 1969)).  Defendant's point, however, is instead that there is no authority for finding that a former service member--who is not in custody and who has waited until after separation from service to bring suit--should be permitted to bring a collateral attack on his court martial.  The court in <u>New II</u> read the dicta in <u>Councilman</u> to permit all manner of collateral attacks, when the facts and reasoning of <u>Councilman</u> indicate that it mattered to the Supreme Court that that action would be "subject to collateral impeachment, at least by way of habeas," 420 U.S. at 748, and that "Councilman's suit [in *habeas*] stands on precisely the same footing as suits seeking possible post judgment forms of collateral relief," <u>id.</u> at 749.  The court in <u>New II</u> did not need to rely on its broad reading of <u>Councilman</u>, moreover, because New's action was brought in *habeas*.

Lastly, Plaintiff argues that this Court should grant review because the CAAF's denial of his petition foreclosed any review by an Article III court.  (Plf. Mem. at 11.)  This is not a legal argument, but a call for equitable relief.  The standard for review of a collateral attack is whether or not Plaintiff received full and fair consideration during direct appeal; the fact that Plaintiff was denied review to the Supreme Court should not play a role in this Court's analysis.

II

**NEITHER THE SUPREME COURT DECISION IN <u>BALLEW</u> NOR THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT REQUIRE THAT SPECIAL COURTS-MARTIAL BE COMPOSED OF A MINIMUM OF SIX MEMBERS.**

Plaintiff's due process argument starts off on the wrong foot: he argues that <u>Ballew</u> is essentially a Fourteenth Amendment Due Process Clause case; therefore, its holding is transferable to the Fifth Amendment's Due Process Clause. But Plaintiff's legal transplant is not as neat as he implies. First, although <u>Ballew</u> invoked the Fourteenth Amendment, it did so in the context of applying and defining the Sixth Amendment's right to a jury trial. 435 U.S. at 224. It is well settled that the Sixth Amendment right to a jury trial does not apply to the military. <u>See</u> e.g., <u>O'Callahan v. Parker</u>, 395 U.S. 258 (1969); <u>Ex Parte Quinn</u>, 317 U.S. 1 (1942); <u>Kahn v. Anderson</u>, 255 U.S. 1 (1921). Second, <u>Ballew</u> dealt solely with resolving the Sixth Amendment's application <u>to the states</u>. In this case, Congress's role in regulating the armed forces is of pivotal importance. Absent from the Court's analysis in <u>Ballew</u> was the need to balance the Due Process Clause with Congress's constitutional authority. As such, the holding and rationale of <u>Ballew</u> is incomplete and inapplicable in relation to the facts of this case.

Framed in the proper context, Plaintiff must demonstrate that factors in favor of requiring a minimum of six members at a special court-martial are so **extraordinarily weighty** as to overcome the balance struck by Congress when it enacted UCMJ Article 16. <u>See</u> <u>Middendorf v. Henry</u>, 425 U.S. 25 (1976). Plaintiff bases his argument solely on the Supreme Court's position in <u>Ballew</u>–jurors of less than six are more likely to have a flawed deliberation process and produce unreliable results. 435 U.S. at 233-234. But this conclusion was based on an empirical

study that focused solely on the civilian jury system, and not on the military system. Id. Plaintiff would have this Court nullify a Congressional statute without any indication that the same conclusions derived from this thirty-year-old study apply in the context of the military. In other words, there is no showing that a special court-martial composed of four members suffers from the same defects as noted in Ballew. On the contrary, the Defendant highlighted a number of functional and compositional distinctions of a court-martial in its motion to dismiss that illustrate the opposite. (Def. Motion to Dismiss, IIB, IIC.)

*Military Resources.* Plaintiff argues that increasing the size of a special court-martial will not detrimentally affect military resources. However, Congress affirmatively determined the proper balance and allocation of military resources when it enacted UCMJ, Article 16, 10 U.S.C. §816: a task that Congress is constitutionally mandated to fulfill. However, Plaintiff would have this Court find that an increase in the size of a special court-martial to six can be easily assumed by the military. Defendant submits that there is no evidence to support this assertion and, nevertheless, this conclusion is best reserved for the legislative branch to make.

## Conclusion

The military courts fully and fairly considered the merits of Plaintiff's due process claim. Additionally, Plaintiff's reliance on Ballew is misplaced since it is factually and legally inapplicable to courts-martial. Moreover, Plaintiff's four-member special court-martial did not violate the Due Process Clause of the Fifth Amendment.

WHEREFORE, Defendant requests that Plaintiff's complaint be dismissed with prejudice under Rule 12(b)(6) for failure to state a claim; and Plaintiff's cross-motion for summary judgment under Rule 56 should be denied.

January 31, 2008                                        Respectfully submitted,

 

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

Of Counsel:
STEPHEN C. REYES
Lieutenant, United States Navy
Office of the Judge Advocate General
General Litigation Division
Department of the Navy
Washington Navy Yard, Washington, D.C.
Telephone: (202) 685-5398